On behalf of Wal-Mart, Ms. Elizabeth Bartolucci. Thank you, Mr. Porter. We may proceed. Good morning. Good morning. Judge Zeno, Judge Berg, and Judge Jordanson, may it please the Court, this appeal boils down to a very simplistic matter, and that is, what is the meaning of the term voluntary in Illinois statutory law? Webster's defines voluntary as acting or able to act of one's own free will, not constrained or compulsive. Also defines it as intentional. In this matter, to give a brief chronology of facts, Ms. Shatku is a woman who alleged that she had an eye injury at a Wal-Mart store, and we proceeded to file a lawsuit on that. Counsel, I think we're pretty familiar with the facts. If you could sort of move to the end statements of the case. Thank you. Of pertinence in this matter is that in August of 2010, Plano forwarded some answers to interrogatories to defendants and Bishop counsel. In September of 2010, defendants substituted counsel, and additional discovery was requested. And by October 12th of 2010, the defendant in this matter, Wal-Mart, had filed a motion to compel those answers to discovery. Plano's counsel, myself, reached out to the actual plaintiff, and for a few weeks hadn't been able to reach her, and subsequently learned that she had returned to her native country of Macedonia. And there was a bit of a language barrier, and all of this is covered in the record. We were dealing through a third party. But the long and the short is, the plaintiff had until October 27th to comply with the outstanding discovery, the motion to compel. That was the court below, that was their order, to October 27th, 2010. So on October 26th, 2010, after it became clear that the actual plaintiff, Ms. Shack, who would not be in the country, would not be available to assist in answering her own discovery, Plano filed a motion to voluntarily dismiss her cause of action under 735-521009. So paragraph 8. On that same date, October 26th, 2010, the day prior to the deadline for answering the discovery, a plaintiff left a message with a defendant's counsel informing that plaintiff would not be able, I would not be able to attend a status the next day, but that I had a motion to voluntarily dismiss this matter to be heard on November 1st, 2010. And on October 27th, 2010, the very next day, as I stated, I couldn't be there, I received, the plaintiff's counsel received a fax, which was a handwritten order from defense counsel that said they had leave to file a motion, defendant had leave to file a motion for discovery sanctions and standard, and that if plaintiff's motion for 735-ILCS-5-21009A voluntary dismissal was granted, that statutory cost would be charged. Counsel, with all due respect, shouldn't our focus be on the motion to reconsider, and whether that motion to reconsider what the trial court did was timely, because then we have to determine whether or not the notice of appeal was timely, and whether or not, if not, the trial court was revested with jurisdiction. Isn't that what we're here to look at today? Well, I think that's the defendant's argument why we're here today. My argument why we're here today is that, indeed, a timely appeal was filed on Judge Brown's March 6, 2012 order, which denied my motion for reconsideration. And why do you think that it was timely? Well, these... You were talking about what the trial court did on its own to respond to that? A notice of appeal was timely filed within the 30-day statutory period after the March 6, 2012 order was entered. There was no issue in Judge Brown's actual five-page order concerning timeliness of our motion to refile or reinstate, or however it is termed. His motion, or rather his order, to deny my motion for reconsideration was based solely upon the telephone message. As a matter of fact, if you have that, if that order is in the record, paragraph... Page 4, paragraph E establishes the basis of his denial of the motion for reconsideration, and there's no mention of timeliness. His denial was based upon the transcript of my telephone message, and based upon the assertion that the court could have dismissed it for want of prosecution. But we have to determine our jurisdiction. I mean, whether the trial court found that or the other side argued it is of no import to us if we don't have jurisdiction. I understand that, Your Honor. And I suppose the argument that I am purporting to make at this juncture is the fact that there was no challenge of proper jurisdiction in the court below. And so, essentially, there was no challenge that the March 6, 2012 order was improper because it was untimely. But, counsel, that doesn't matter to us. Regardless of what happened, how do we have jurisdiction over this appeal? I think we're sort of looking at your motion to reconsider, and how was that timely filed? Well, the motion for reconsideration, as I argued, Your Honor, was timely filed. And if the motion for reconsideration was timely filed in the court below, then any order stemming from that motion And how was it timely filed? It was timely filed because there was an argument held on December 22, 2011, as to whether or not the case should be refiled or reinstated. And so 30 days following December 22, 2011 would be January 21, 2012. However, January 21, 2012 was a Saturday. And the circuit court, of course, of King County was closed until Right. And the 23rd is a Monday. Yes, ma'am. How does the mailbox rule apply here? I'm sorry? How does the mailbox rule apply? I mean, it wasn't filed on the 23rd, correct? It was mailed? It was faxed, actually, to the clerk of court. And the clerk of court acknowledged that receipt. But they didn't acknowledge the receipt until the 26th. The 26th. That's the date it was stamped. And the service, notice of service, apparently only indicated the attorney to whom it was sent, not the date it was actually filed or sent to the court. I'm sorry, I didn't mean to say the date it was filed. We know when it was file stamped, but the date that it was sent. I agree with what you're saying, Your Honor. However, a plaintiff does not control when a clerk stamps a matter. An actual hand copy was never delivered even on the 26th. So that was entirely the clerk's own purview, whether or not they were going to stamp it on the 23rd, the 24th, the 25th, or the 26th. It was not as if there was a separate filing on the 26th. Well, my understanding is all that there is in the record is something that says that the motion to reconsider was served by mail on all counsel. That the record doesn't have anything that tells us when the motion to reconsider was sent to the clerk. I might be wrong on this. What was attached in my reply to the challenge of proper jurisdiction was fax transmissions from plaintiff's counsel and fax verifications of delivery to the clerk's telephone number. Obviously, I don't have records from the actual AT&T to corroborate other than the transmission verification report dated 123, which was attached actually to my reply brief to the jurisdiction. And the clerk of Kane County had a custom of practice of accepting filings via facsimile. The Supreme Court Rule 12E says service by fax is the court date after the date of faxing. So that would be a day late, would it not, if that applies? Well, the 30th day, again, as I asserted earlier, was a Saturday. Right, but the fax was the 23rd. The fax was the Monday, which would have been the first court date. If you had walked into the clerk's office and filed that day, there's no question it would have been timely. But you faxed it that day, and I'm just saying that if 12E applies, service by fax is complete the first court date after this fax is sent. So let's just assume for a minute that it was untimely filed. Was the court revested with jurisdiction based upon what happened thereafter? Well, the court undertook to hear the arguments. They did not have any findings of timeliness. There was a, you know, a lot of confusion. Judge Brown's opinion did not address timeliness whatsoever. So was it all dictum? Potentially, I guess it could have been, but we were both willing to live by the decision that that court rendered. The court still heard verbal arguments on the motion for reconsideration and issued a five-page opinion not based on any timeliness issue. Opposing counsel opposed your motion, though, in court, correct? I'm not saying they opposed it on the timeliness issue. No, not on the timeliness, just in general, on the merits in front of Judge Brown. Yes, Your Honor. So how does People v. Bailey as a criminal case, but how does that apply to this situation? Your Honor, in my opinion, there were other issues in that matter. I believe the defendant in that matter was a minor, and I'm not certain if that has any direct bearing on this matter. But I think criminal procedure is a little different than civil procedure. The undertaking of the circuit court in Lois was to listen to the merits of the argument for reconsideration. A decision was made based upon those merits that were proffered by myself and also by defense counsel. There was an initial discussion, if my memory serves correctly, because I don't think we had a written transcript of that matter, concerning timeliness of the fouling, and Judge Brown thought it was timely enough to hear that. There was no position point forward that this matter had not been filed in the methodology that the circuit court in Kane County had allowed. As a matter of fact, I can't point to a local rule to be perfectly frank, Your Honor, but it had been my custom and experience in cases in Kane County and in talking with the clerk that filing via facsimile was indeed not only allowed, but would be considered timely as if it was in before the end of the court date. And I'm not certain that, again, Judge Brown didn't have any finding that this matter was not timely filed. Counsel, I don't seem to note that we have your reply brief, the yellow cover brief, here up on the bench. When was that filed? This was filed on August 30, 2012. It was in response to the motion to dismiss, correct? Or was that the reply brief? Yeah, it was my reply brief in response to the motion to dismiss, but there also is a... Okay, so not here on appeal. No, I had my appellate brief, and then I had a reply brief to the motion to dismiss based upon jurisdiction. I had an initial appellate brief. Oh, so you had an opening brief and a reply brief? Yes. Okay, well, we don't know. Well, the yellow brief was actually filed directly in response to the motion to dismiss because it was filed before the... The blue brief wasn't filed until October 1st, and the yellow brief was filed before October 1st, so it couldn't have been a reply brief to the blue brief. Basically, it was based on the motion to dismiss. Correct. I understand. Yeah, you are correct. Okay, thank you. All right, thank you, Counsel. Your time is up. You will have time for your final argument. Ms. Bartolucci, you may proceed. Good evening, Your Honors. May it please the Court, Counsel. I'm Elizabeth Bartolucci, representing defendant of Pelley Walmart Stores, Inc. Counsel indicated that there was some discussion of timeliness on the date of the motion to reconsider. Was there, or was there not? Right, Your Honor. I took note of that. Unfortunately, I was not on trial, Counsel, so I wasn't present, and this is a new issue to me. I've never heard that before. My colleague, when I did discuss the proceedings in the trial court with her, did not mention having raised timeliness, either side having raised timeliness. But, again, that is something that's outside the record, and also the facts, submissions that Plaintiff's Counsel has submitted were not in the record on appeal, and I would disagree with his comments that the clerk of the court just decides when they want to file stamp things. They know the importance of file stamping documents that are filed by lawyers, and the only documentation that confirms his statement that he fax-filed the motion to reconsider on January 23rd was contained in his reply or response to my motion to dismiss. So it's outside the record. The record on appeal contains the file-stamped motion to reconsider, which was file-stamped January 26, 2012. And I noted that that version in the clerk's record is not a fax copy. It doesn't have the fax indicators of phone numbers and what have you. It looked like a mailed copy. So there's no indication to me that the circuit court received the fax-served motion to reconsider, and I do think it was on timeliness. So you filed a motion to dismiss this appeal, but you did not file a motion to dismiss the motion to reconsider on timeliness grounds. Right, and I did, of course, have concerns that that may appear inconsistent. So when I went back and spoke with my colleague, I did note that we never received a file-stamped copy of Plante's motion to reconsider. His first motion to reconsider, the only version we received, was an unfile-stamped version. So in fairness to my colleague, she did not know that the motion to reconsider was untimely until we received the record on appeal and saw the date that the circuit court indicated that motion had been filed. How was revestment met? How does that play into this? I think that People v. Bailey does apply here and that revestment is not applicable because one of the elements of revestment is that the parties participate without objection in later proceedings, and I would argue that Walmart did object throughout the course of these post-dismissal proceedings by saying this case cannot continue as this original case under this original case number to reinstate his cause-of-action plaintiff needs to file a new action. Alternatively, he may have sought to vacate the voluntary dismissal, but he did not do so. So I guess I'm mixing up the elements here. On the issue of whether the subsequent proceedings were inconsistent with the prior proceedings, I would say Walmart never acted inconsistent with the dismissal order because its consistent argument was we should not be in this action. This action was voluntarily dismissed. The plaintiff did not pursue a new cause-of-action under 13217. We shouldn't be in this case anymore. This should be a new case or he should have sought to vacate the previous voluntary dismissal order. And then in terms of the parties for revestment to apply have to participate without objection, I think that applies knowledge that the motion they're fighting is untimely, and I think here there's no evidence that Walmart knew plaintiff's motion to reconsider was untimely because we never received any file stamp copy of it, and I, in reviewing the record on appeal, first came to know that the clerk's office considered a file January 26, which was late. Isn't it your obligation to check the record prior to engaging in a hearing? I'm talking about the hearing and the motion that we consented. The circuit court's record, whether trial counsel should have checked the circuit court's record. I mean, to stand here now and say, you know, we kind of didn't know until we looked at the record later. It's not ideal. I acknowledge that. But I did, when I took over handling, I did bring it to the attention of the appellate court as soon as I noted it. And I still do feel that under the active participation element of revestment, the fact that we did argue the substance of plaintiff's motion to reconsider under Bailey does not result in revestment. We opposed it on the merits, but always arguing that this case is not properly before the trial court under its original case number. It needed to be refiled, or a motion to vacate had to precede any other proceedings. Are criminal cases and civil cases different qualitatively for concerning the revestment? I thought about that in trying to see if Bailey could be distinguished on that ground. Because 1401 can apply to both criminal and civil cases, I thought perhaps not under the decisions that I've read that were cited in Bailey. I'm not familiar enough with criminal law, I confess, to say that I can find all the nuances that would support distinguishing civil from criminal cases on the issue of revestment. I noticed that a lot of the criminal cases talk about procedural due process, so those factors are not going to be applied in a civil case. So if anything, that would be more against revestment, I would think. So you think it should be more strictly construed when it's in a civil context? I do. In other words, give the defendant in a criminal case the benefit of the doubt more often? Somewhat. Anything else, counsel? No, Your Honor. I think that I've touched on all my points. Thank you. Thank you very much. Mr. Porter, rebuttal argument. Thank you, Your Honor. To start off, counsel indicated that the fax filing was something that showed up in the response and it was not part of the record on appeal. Did you ever move to supplement the record on appeal with that fax filing? No, Your Honor. Because I didn't know that timeliness was going to be an issue. It was not an issue, as I stated, under the motion to reconsideration. It was the first time. Obviously, they had that right to be able to bring that up, but timeliness had not been an issue underneath. Do you have any explanation as to why the clerk would not have included your fax copy in the common law record? I don't, Your Honor. What I can attest to is that there was acknowledgment that, indeed, there was receipt via fax. In what form did that take? It was a verbal acknowledgment when we argued the motion for reconsideration. Acknowledgment by the clerk or by opposing counsel? Opposing counsel. Judge Brown, as I said, it was not argued, but it was discussed real briefly as to whether or not it was the motion for reconsideration filed timely. Unfortunately, neither one of us retained a court reporter. He briefly looked at the clerk in front of the computer and she said there is record that was faxed on the 23rd. That's all we had, and he moved forward. There was no other challenge brought. I think that it is an interesting point of law that in the motion for reconsideration, I was arguing that a voluntary dismissal shouldn't be entered in the absence of the plaintiff, and it seems that the argument now is that a defendant voluntarily argues the merits of a matter, doesn't voluntarily foregoes arguing the merits of the timeliness of it. Now it says that that voluntary act should be avoided, but the involuntary act of not showing up for a motion to dismiss should not be avoided. It is quite a dichotomy of reasoning. Counsel, why would you argue that revestment applies here? I believe revestment applies simply because there was a submission of authority to the court. If you could maybe put your arguments in terms of the most recent case, People v. Bailey, albeit a criminal case. I believe there are the, and unfortunately I didn't bring that case with me, so that's my mistake for being unprepared and not having People v. Bailey in front of me, but I did read it, Your Honor. And I believe that in People v. Bailey, the primary difference was that there was not an acquiescence by the state to the timeline that the defendant argued, which is not the case in this matter. There was an acquiescence to the jurisdiction of the court in front of Kane County, and there was no challenge to the timeliness of it. I think in People v. Bailey, there was a challenge to the timeliness of the defendant's appeal. When you say an acquiescence, are you getting back to your earlier argument about the conversation that was had about whether it was filed timely? Correct, Your Honor. Yes, there was no written argument that it was untimely. I have the response to the motion for reconsideration. There was no oral argument that it was untimely, and there was no finding in the judge's five-page order that it was untimely. And so, yes, Your Honor, I believe that there was an acquiescence to the authority and jurisdiction of the court. Basically, if Bailey were to apply over the civil-criminal divide, you're saying that the dissent in Bailey was correct in that? Yes, Your Honor. I think that there is a distinct difference between criminal procedure and civil procedure. And there are – it should be noted that the case cited is not a civil matter. And I think that there are – that those differences between criminal and civil procedure, the potential penalties should be considered, the ability to acquiesce one way or another should be considered, and that the revestment – the revestment principles, as outlined in Bailey, I don't believe are applicable to a civil matter concerning a motion for reconsideration of a judge's hearing. Well, so your bottom line is if revestment doesn't apply, then we must determine whether or not your motion was timely filed. If it was not timely filed, we have no jurisdiction. I do understand that, yes, Your Honor. And my argument is, again, that we must look at what occurred in the court below. I know you have the power to have a denominal judgment, but I think that the precedent so much as the actions that occurred in the court below and by Judge Brown in the court below should be somewhat if not determinative in guiding the fact that, indeed, there was an acquiescence. There was no argument of revestment. I just – and a party can acquiesce to the jurisdiction of a court, and that's what occurred in this matter. That's it. We'd like to thank the attorneys for their arguments on this case. Thank you. And we take it as an advisement. We are adjourned.